IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TIMOTHY J. LEVI,**

    **Plaintiff,**

v.                                                                              **Civil Action No. 3:16cv129**

**TWENTIETH CENTURY FOX
FILM CORPORATION,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on four motions: (1) Defendant Robert Walker, Jr.'s Motion to Dismiss for Failure to State a Claim (the "Walker Motion to Dismiss for Failure to State a Claim"), filed pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] (ECF No. 5);[2] (2) Defendants Lee Daniels and Danny Strong's Motion to Dismiss the Complaint Based on a Lack of Personal Jurisdiction (the "Daniels and Strong Motion to Dismiss for Lack of Personal Jurisdiction"), filed pursuant to Federal Rule of Civil Procedure 12(b)(2),[3] (ECF No. 16); (3) Daniels and Strong's Motion to Dismiss the Complaint with Prejudice Pursuant to

---

[1] Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] Walker did not provide Levi with appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Walker's failure to do so violates Local Civil Rule 7(K), which requires "counsel for any party who files any dispositive or partially dispositive motion addressed to a party who is appearing in the action without counsel to attach to or include at the foot of the motion a warning consistent with the requirements of *Roseboro*." Although Walker also represents himself in this matter, he does so in his capacity as an attorney. The Court sees no basis to relax the obligation imposed by Local Civil Rule 7(K).

[3] Rule 12(b)(2) allows a party to move to dismiss a complaint for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2).

Rule 12(b)(6) (the "Daniels and Strong Motion to Dismiss for Failure to State a Claim"), (ECF No. 18);[4] and, (4) *pro se* Plaintiff Timothy J. Levi's Motion for Discovery, (ECF No. 25).

Levi has responded to the Daniels and Strong Motion to Dismiss for Failure to State a Claim, (ECF No. 22), and Daniels and Strong have replied, (ECF No. 24). Levi has not responded to the Walker Motion to Dismiss for Failure to State a Claim or to the Daniels and Strong Motion to Dismiss for Lack of Personal Jurisdiction, and the time to do so has expired. Defendants Daniels, Strong, and Twentieth Century Fox Film Corporation ("Twentieth Century Fox") have jointly responded to the Motion for Discovery. (ECF No. 26.) Levi has not replied, and the time to do so has expired.

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, the matters are ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[5] For the reasons that follow, the Court will: (1) grant the Daniels and Strong Motion to Dismiss for Lack of Personal Jurisdiction; (2) deny as moot the Daniels and Strong Motion to Dismiss for Failure to State a Claim; (3) grant the Walker Motion to Dismiss; and, (4) deny as moot the Motion for Discovery. The Court will grant Levi leave to file an amended complaint against Walker.

---

[4] Daniels and Strong provided Levi with appropriate notice pursuant to *Roseboro* on both motions to dismiss. (ECF Nos. 16, 18.)

[5] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint asserts one count of copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*

2

## I. Procedural and Factual Background

### A. Factual Background[6]

Levi's Complaint arises out of the alleged copyright infringement by the Twentieth Century Fox television series *Empire* of a book, *Unity Incorporated: The Mastermind* (the "Book"). Levi alleges that *Empire*'s Season One "borrows heavily" from the Book. (Compl. ¶ 15.) Levi authored the Book in 2007 and registered it with the United States Copyright Office on May 21, 2008. (Cert. Reg., ECF No. 1-1.) *Empire* debuted in 2015.

In or about 2007, Levi, a resident of the Commonwealth of Virginia, telephoned Walker from the Baskerville Correctional Center in Baskerville, Virginia, and asked if Walker would assist him with publishing the Book. Walker informed Levi that he had "entertainment connections" and could help. (Compl. ¶ 12.) Levi then instructed his mother, Mary Wilson, to deliver the Book's manuscript to Walker's office. On November 27, 2007, Wilson telephoned Walker, who told her to mail the Book's manuscript to his office, "in care of Shantel Morris." (Compl. ¶ 12; Wilson Decl. ¶ 2, ECF No. 1-2.) Instead of mailing the Book's manuscript, Wilson delivered it to Walker's office by hand. Four months after Walker received the manuscript, Levi unsuccessfully attempted to contact Walker to determine the progress of the

---

[6] The Court construes facts differently when assessing the motions to dismiss before it. When considering the Daniels and Strong Motion to Dismiss for Lack of Personal Jurisdiction, Levi bears the burden of proving grounds for personal jurisdiction. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Where, as here, neither party has sought an evidentiary hearing (which requires a showing of personal jurisdiction by a preponderance of the evidence), the Court determines only whether Levi has made a prima facie showing of personal jurisdiction. *Id.* In evaluating whether Levi has made a prima facie demonstration of personal jurisdiction, the Court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Brooks v. Motsenbocker Advanced Devs., Inc.*, 242 F. App'x 889, 890 (4th Cir. 2007).

For purposes of the motions to dismiss for failure to state a claim, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Levi. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

3

Book's publication. Levi then asked Wilson to visit Walker's office "unannounced." (Compl. ¶ 12.)

On March 17, 2008, Wilson and her daughter, Cassandra Penn, visited Walker. Walker stated that the manuscript "was in another location" and that he would mail the manuscript to Wilson. (Wilson Decl. ¶ 4.) Walker did not call Wilson or mail the Book's manuscript to her. Levi filed a bar complaint against Walker for failing to return his property to him. After the Virginia State Bar did not take immediate action, Levi instructed his mother to appear again, in person, at Walker's office. On or about March 30, 2008, Wilson and Penn returned to Walker's office. Walker made a copy of the Book's manuscript and returned it to Wilson.

Levi "is informed and believes on that basis" that Walker transferred the Book to Daniels and Strong "between 2007 and 2013." (Compl. ¶ 13.) Levi alleges that "Daniels and Strong were accorded credit as creator and producers of the first episode" of *Empire* and that "Fox was accorded company credit on all episodes of the series which [are] currently on the air." (*Id.* ¶ 14.)

Levi presents his copyright claim under various theories of liability. First, he asserts that "each [d]efendant was the agent, servant, employee, partner, successor, assignee, joint venture and/or franchisee of each of the remaining defendants herein, and was at all times acting within the course and scope of said agency, service, employment, partnership, joint venture and/or franchise." (Compl. ¶ 9.) Second, Levi contends that all acts and omissions alleged were "done with the approval and consent" of each defendant and were ratified. (*Id.*) Third, Levi posits that "each defendant may be held liable for the infringing acts committed by another to the extent that each [d]efendant had the right and ability to control the infringing activities alleged herein and had a direct financial interest in such activities, regardless of whether each said defendant had

4

intent or knowledge of the infringement alleged herein." (*Id* ¶ 10.) And fourth, Levi submits that "each [d]efendant who knowingly induced, caused or materially contributed to the infringement alleged herein, by another [d]efendant herein but who may not have committed or participated in the infringing acts him or herself, may be held liable as a contributory infringer." (*Id.*)

## B. Procedural Background

Levi's Complaint asserts one count of copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* ("Count One").[7] Levi brings Count One against Twentieth Century Fox, Daniels, Strong, and Walker. Of those four defendants, three—Daniels, Strong, and Walker—have moved to dismiss Levi's claim. Twentieth Century Fox has filed an answer. (ECF No. 20.)

Walker has moved to dismiss Levi's Complaint for failure to state a claim upon which relief can be granted.[8] (ECF No. 5.) Walker requests dismissal on two grounds. First, he contends that Levi has not plausibly alleged an agency relationship between Walker and the parties that Levi asserts actually infringed on the Book's copyright. Second, Walker argues that Levi did not have copyright protection in the Book when Walker supposedly infringed on it. Levi did not file a response to the Walker Motion to Dismiss for Failure to State a Claim, and the time to do so has expired.

---

[7] Levi does not identify the particular statutory provision under which he seeks relief. Under the Copyright Act, a party engages in copyright infringement when a person "violates any of the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). "To prevail on a claim of copyright infringement, 'two elements must be proven: (1) ownership of a valid copyright, and[,] (2) copying of constituent elements of the work that are original.'" *Tax Int'l, LLC v. Kilburn & Assocs., LLC*, 157 F. Supp. 3d 471, 476 (E.D. Va. 2016) (quoting *Bailey v. Black Entertainment Television*, 2010 WL 1780403 at *2 (E.D. Va. May 3, 2010)).

[8] Walker, however, failed to provide Levi, a *pro se* plaintiff, with *Roseboro* notice.

Daniels and Strong move to dismiss Levi's Complaint for two reasons set forth in separate motions. (ECF Nos. 16, 18.) First, Daniels and Strong contend that the Court lacks personal jurisdiction over them because they have no contacts with Virginia, the forum state. Levi did not file a response to the Daniels and Strong Motion to Dismiss for Lack of Personal Jurisdiction, and the time to do so has expired. Second, Daniels and Strong argue that Levi fails to state a claim upon which relief can be granted because: (1) *Empire* does not share substantial similarities with the Book; and, (2) Levi does not allege access. Levi responded to the Daniels and Strong Motion to Dismiss for Failure to State a Claim, and Daniels and Strong replied.

Before the Court resolved the motions to dismiss, Levi filed the Motion for Discovery. (ECF No. 25.) Levi seeks the discovery of eighteen episodes of *Empire*, as well as "any and all evidence written, recorded, photographic, tangible intangible which pertains to the *Empire* television series." (Mot. Discovery 1.) Twentieth Century Fox, Daniels, and Strong responded, agreeing to comply with Levi's request without conceding its appropriateness.

Federal district courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). That said, a *pro se* plaintiff must nevertheless allege sufficient facts to state a cause of action. *Id.* (citing *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996)). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims" that the litigant failed to raise on the face of the complaint. *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

## II. Analysis: Motions to Dismiss

Collectively, the defendants have filed three motions to dismiss. Two of the motions to dismiss, one filed by Walker and one filed by Daniels and Strong together, assert that Levi has failed to state a claim upon which relief can be granted. The other motion to dismiss contends

that this Court does not have personal jurisdiction over Daniels and Strong. Because the Court need not reach the merits of Levi's case against Daniels and Strong if the Court lacks personal jurisdiction over them, the Court will address the jurisdictional challenge first.[9]

### A. The Court Will Grant the Daniels and Strong Motion to Dismiss for Lack of Personal Jurisdiction

The Court will grant the Daniels and Strong Motion to Dismiss for Lack of Personal Jurisdiction. Levi's Complaint alleges no contacts between Daniels and Strong and Virginia. The only allegations in the Complaint pertaining to Daniels and Strong at all are as follows: (1) Daniels resides in California and "is a director, writer, and producer with numerous film and television credits, and according to IMDB is the creator and Executive Producer of [*Empire*]"; (2) Strong "is a director, writer, producer and actor with numerous film and television credits, and according to IMDN is the Creator, Executive producer and a director of [*Empire*]; (3) Walker transferred the manuscript of the Book to Daniels and Strong without Levi's permission; and, (4) Daniels and Strong "were accorded credit as creator and producers of the first episode." (Compl. ¶¶ 6, 7, 13, 14.) These allegations cannot suffice to establish a prima facie case of personal jurisdiction.

---

[9] Daniels and Strong request that, if the Court concludes that Levi fails to state a claim upon which relief can be granted, it decide that motion first. In doing so, Daniels and Strong ask the Court to ignore the constitutional limits of its jurisdiction over them in order to undertake an analysis of their access to Levi's work or, even more laboriously, to conduct a protracted evaluation of whether the works are substantially similar. *See Towler v. Sayles*, 76 F.3d 579, 582–85 (4th Cir. 1996). The Court respectfully declines that invitation. Indeed, "[p]ersonal jurisdiction is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623 (5th Cir. 1999) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) ("Personal jurisdiction . . . is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'")). Unless waived, "[a] court must find [personal] jurisdiction . . . before determining the validity of a claim." *Id.*

### 1. Levi Bears the Burden of Proving Personal Jurisdiction

"When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). When a district court considers a challenge to personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction, rather than show jurisdiction by a preponderance of the evidence. *Id.*; *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). "The [C]ourt, in deciding whether a plaintiff has met this burden, must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Brooks v. Motsenbocker Advanced Devs., Inc.*, 242 F. App'x 889, 890 (4th Cir. 2007) (citing *Combs*, 886 F.2d at 676). "If a plaintiff makes the requisite showing, the defendant then bears the burden of presenting a 'compelling case,' that, for other reasons, the exercise of jurisdiction would be so unfair as to violate due process." *Reynolds Foil, Inc. v. Pai*, No. 3:09cv657, 2010 WL 1225620, at *1 (E.D. Va. Mar. 25, 2010) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 477–78 (1985)). "For purposes of the motion to dismiss, the reviewing court may presume that any uncontradicted evidence submitted by either party is true." *Id.*

### 2. Personal Jurisdiction Standard

Federal courts exercise personal jurisdiction in the manner provided by state law. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). Therefore, a district court must first decide whether Virginia state law permits the court to exercise personal jurisdiction over the defendant, and second, whether the exercise of such jurisdiction comports with the due process requirements of the Fourteenth Amendment. *Id.*;

8

*Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). "Because Virginia's long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause, 'the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one.'" *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002) (quoting *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135–36 (4th Cir. 1996)) (internal citation omitted). Accordingly, the inquiry becomes whether the defendant maintains sufficient minimum contacts with the forum state so as not to offend "'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

"The standard for determining the existence of personal jurisdiction over a nonresident defendant varies, depending on whether the defendant's contacts with the forum state also provide the basis for the suit." *Carefirst of Md., Inc.*, 334 F.3d at 397. "If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. . . . [I]f the defendant's contacts with the State are not also the basis for suit, then jurisdiction over the defendant must arise from the defendant's general, more persistent, but unrelated contacts with the State." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 & nn. 8–9 (1984)); *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (stating that courts can exercise general jurisdiction over nonresident defendants only where "their affiliations with the [forum] are so continuous and systematic as to render them essentially at home in the forum State" (internal quotation marks omitted)).

The United States Court of Appeals for the Fourth Circuit has adopted a three-part test to determine whether specific jurisdiction exists. *Reynolds Foil, Inc.*, 2010 WL 1225620, at *2. The Court must consider: "(1) the extent to which the defendant purposefully avail[ed] itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and[,] (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc.*, 293 F.3d at 712 (alteration in original) (internal citations omitted).

With respect to the first factor, "no clear formula [exists] for determining what constitutes 'purposeful availment.'" *Reynolds Foil, Inc.*, 2010 WL 1225620, at *2. The Court, however, may consider whether the defendant maintains offices or agents in the forum state; whether the defendant owns property in the forum state; whether the defendant reached into the forum state to solicit or initiate business; whether the defendant deliberately engaged in significant or long-term business activities in the forum state; whether the parties contractually agreed that the law of the forum state would govern disputes; whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; the nature, quality, and extent of the parties' communications about the business transactions; and, whether the performance of contractual duties was to occur within the forum. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (internal citations omitted). "If, and only if . . . the plaintiff has satisfied this first prong of the test for specific jurisdiction need [the Court] move on to a consideration of prongs two and three." *Id.*

"The second prong of the test for specific jurisdiction . . . requires that the defendant's contacts with the forum state form the basis of the suit." *Id.* at 278–79 (citing *Burger King*, 471 U.S. at 472; *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414). The third prong

of the specific jurisdiction test "permits a court to consider additional factors to ensure the appropriateness of the forum once it has determined that a defendant has purposefully availed itself of the privilege of doing business there." *Id.* at 279. Specifically, the court may consider: (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and, (5) the interests of the states in furthering substantive social policies. *Id.* (citing *Burger King*, 471 U.S. at 477).

### 3. Levi Cannot Establish General Personal Jurisdiction

Levi cannot establish grounds for establishing general personal jurisdiction over either Daniels or Strong. Courts can exercise general jurisdiction over nonresident defendants only where "their affiliations with the [forum] are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG*, 134 S. Ct. at 754. The only allegation that *possibly* demonstrates an affiliation between Daniels and Strong and Virginia is that Walker, a Virginia attorney, provided Daniels and Strong with the Book's manuscript, presumably *from Virginia*. This single contact falls well short of affiliations with Virginia that "are so continuous and systematic as to render [Daniels and Strong] at home" there.[10] *Id.* Accordingly, the Court lacks general jurisdiction over Daniels and Strong.

---

[10] Daniels and Strong present affidavits that plainly establish a lack of contacts with Virginia. Even without these declarations, the Complaint does not establish general personal jurisdiction. Nor does it appear to attempt to. Daniels and Strong do not reside in Virginia, and Levi does not allege as much. The Complaint alleges only that Daniels resides in California. Even construing Levi's Complaint favorably, the Court sees no basis for establishing general personal jurisdiction.

### 4. Levi Cannot Establish Specific Personal Jurisdiction

Because he failed to respond to the Daniels and Strong Motion to Dismiss for Lack of Personal Jurisdiction, the Court cannot ascertain what contacts, if any, Levi contends establish specific jurisdiction over Daniels and Strong. Regardless, the Complaint remains bereft of any facts connecting Daniels and Strong to Virginia. Accordingly, Levi fails to make a prima facie showing that Daniels and Strong purposefully availed themselves of the privilege of conducting activities in Virginia. The Court cannot exercise specific personal jurisdiction over Daniels and Strong.

The only allegation that *conceivably* links Daniels and Strong to Virginia is Levi's claim that Walker, an attorney in Virginia, provided Daniels and Strong with the Book's manuscript, presumably from his office in Virginia. However, even a liberal construction of Levi's claim would, at most, show that Walker contacted Daniels and Strong unilaterally. Thus, Walker's conduct cannot establish that Daniels and Strong purposefully availed themselves of the privilege of conducting activities in Virginia. *See Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 417 ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction"). Jurisdiction over a nonresident defendant is proper "where the contacts [at issue] proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum state." *Burger King*, 471 U.S. at 475 (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)); *see also Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his [or her] own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he [or she] makes by interacting with other persons affiliated with the

State." (quoting *Burger King*, 471 U.S. at 475)).[11] On this record, the Court cannot exercise specific personal jurisdiction over Daniels and Strong.[12]

Because the Court cannot exercise either general or specific personal jurisdiction over Daniels or Strong, the Court will grant the Daniels and Strong Motion to Dismiss for Lack of Personal Jurisdiction. The Court will dismiss Daniels and Strong from this case.

### B. The Court Will Deny as Moot the Daniels and Strong Motion to Dismiss for Failure to State a Claim

The Court has determined that it lacks personal jurisdiction over both Daniels and Strong. Without jurisdiction to hale them into court in Virginia, the Court cannot evaluate the issues of access and substantial similarity raised in the Daniels and Strong Motion to Dismiss for Failure to State a Claim. *See Guidry*, 188 F.3d at 623. The Court instead will deny that motion as moot. *See In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. 07 CIV. 10470, 2013 WL 3531600, at *4 (S.D.N.Y. July 12, 2013) ("Dismissal for lack of personal jurisdiction is not an adjudication on the merits; it leaves the losing party free to pursue its substantive rights in another forum."); *see also* Fed. R. Civ. P. 41(b) (stating than a dismissal "for lack of jurisdiction" is not "an adjudication on the merits").

### C. The Court Will Grant the Walker Motion to Dismiss for Failure to State a Claim

The Court will grant the Walker Motion to Dismiss for Failure to State a Claim because Levi's Complaint does not state a claim against Walker upon which relief can be granted. Levi's

---

[11] Although Levi cannot establish a prima facie case of personal jurisdiction, Daniels and Strong deny any contacts with Virginia or Levi himself. (Daniels Decl. ¶¶ 4–8, ECF No. 17-1; Strong Decl. ¶¶ 4–8, ECF No. 17-2.)

[12] Because no contacts alleged in the Complaint can establish the purposeful availment element, the Court need not determine the second and third factors for determining whether specific jurisdiction exists. Nonetheless, regarding the second factor, the Court notes that Levi's cause of action could not have arisen out of Daniels and Strong's contacts with Virginia if no Virginia contacts were alleged.

allegations do not plausibly assert a theory of liability under which Walker can be held liable for the purported copyright infringement of Twentieth Century Fox. However, in light of Levi's *pro se* status, and as a result of Walker's failure to provide appropriate *Roseboro* notice, the Court will grant Levi leave to amend his complaint against Walker.

### 1. Motion to Dismiss for Failure to State a Claim Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those stating a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

14

Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

### 2. Levi Fails to State a Claim for Secondary Liability Against Walker

Levi alleges copyright infringement of the Book by the Fox Television series *Empire*, which was created by Daniels and Strong for Twentieth Century Fox. Levi does not allege that Walker himself infringed on the Book's copyright.[13] Construing Levi's Complaint liberally, as it must, the Court interprets Levi's claim against Walker as one of secondary liability. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("Although the Copyright Act does not expressly render anyone liable for infringement committed by another, . . . doctrines of secondary liability emerged from common law principles and are well established in the law." (internal quotations, alteration, and citations omitted)).[14]

Two theories of secondary liability potentially underlie Levi's claim against Walker: contributory infringement and vicarious infringement. "One infringes contributorily by inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Id.* (citations omitted). The Complaint fails to state a claim under either theory.

---

[13] Walker posits that he cannot face liability for copyright infringement for literally copying the manuscript because Levi did not yet have copyright protection at that time. The Court does not construe Levi's Complaint as alleging such a claim. The Complaint as a whole makes evident that Levi's copyright infringement claim concerns the infringement by the parties associated with the *Empire* series, who purportedly received the Book's manuscript from Walker.

[14] In the Walker Motion to Dismiss for Failure to State a Claim, Walker does not address theories of secondary liability as they exist under copyright law. Rather, Walker contends that Levi fails to establish the existence of an agency relationship. While the Court recognizes that the standard for determining secondary liability in copyright infringement claims draws from traditional principles of agency law, the Court relies only on copyright infringement claims in evaluating Levi's claim.

### a.   Levi Fails to State a Claim for Contributory Infringement

Levi fails to state a claim against Walker for contributory infringement. "Contributory copyright infringement is a form of secondary liability with roots in the tort-law concepts of enterprise liability and imputed intent." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794–95 (9th Cir. 2007). "Under a theory of contributory infringement, 'one who, with knowledge of the infringing activity, *induces, causes[,] or materially contributes* to the infringing conduct of another' is liable for the infringement, too." *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004) (emphasis added) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)); *see also Softech Worldwide, LLC v. Internet Tech. Broad. Corp.*, No. 1:10cv651, 2010 WL 4645791, at *3 (E.D. Va. Nov. 8, 2010) (explaining that "[t]here can be no contributory infringement without direct infringement by another party." (citing *U–Haul Intern., Inc. v. WhenU.com, Inc.*, 279 F. Supp. 2d 723, 731 (E.D. Va. 2003)). When analyzing a contributory infringement claim, courts assess two elements: participation and knowledge. *See id.* at *2.[15]

Levi alleges that "Walker infringed upon [Levi's] copyright material when [Walker] transferred the manuscript to Daniels and Strong without [Levi's] permission" at some point between 2007 and 2013. (Compl. ¶ 13.) If Walker did not knowingly participate in the infringement of the Book, the Court would not have reason, at this juncture, to assess Levi's allegations of direct infringement. Accordingly, the Court will forego that analysis to address the

---

[15] Courts commonly analyze the principles of contributory copyright infringement in cases involving the distribution of a commercial product. *See, e.g., Grokster*, 545 U.S. 913 (analyzing contributory copyright infringement claims against companies that distribute peer-to-peer file sharing software); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984) (assessing contributory copyright infringement claim against videocassette recorder manufacturer). Because Levi's contributory copyright infringement claim involves a more direct theory of liability, *i.e.*, that Walker enticed or persuaded the other defendants to infringe, the Court need not outline the more nuanced parameters of the cause of action.

participation and knowledge components of Levi's contributory infringement claim. For the reasons articulated below, the Court concludes that when construing Levi's Complaint liberally, he plausibly alleges participation, but he does not plausibly allege that Walker had knowledge of the purported copyright infringement.

### i. Levi Alleges That Walker Participated in the Purported Infringement

Construed liberally, the Complaint asserts that Walker participated in the infringement of the Book. "Inadvertent participation in infringing activities does not give rise to contributory liability." *Basketball Mktg. Co., Inc. v. FX Digital Media, Inc.*, 257 F. App' x 492, 495 (3d Cir. 2007) (addressing trademark infringement claim). Rather, participation must be substantial. *Gershwin Publ'g Corp.*, 443 F.2d at 1162. By alleging that Daniels and Strong obtained the Book's manuscript directly from Walker, Levi alleges that Walker at least *caused* the copyright infringement. From Levi's allegations, the Court infers that Twentieth Century Fox obtained access to the Book, and thus the ability to infringe on its copyright, through Walker's conduct.

### ii. Levi Fails to Allege That Walker Had Knowledge of the Alleged Infringement

The Complaint, however, fails to allege that Walker had knowledge of the alleged infringement activity. "The standard for knowledge is objective: know or have reason to know." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990) (citation and internal quotation marks omitted).[16] Outside of Walker's transfer of the book to

---

[16] In *Softech Worldwide*, which addresses copyright infringement claims, the court explained that Federal Rule of Civil Procedure 9(b) does not relax the pleading requirements imposed by Federal Rule of Civil Procedure 8:

> Federal Rule of Civil Procedure 9(b) explains that "malice, intent, knowledge, and other condition[s] of mind" may be "alleged generally." (emphasis added). "It is true that Rule 9(b) requires particularity when pleading 'fraud or mistake,' while allowing . . . 'knowledge . . . [to] be alleged generally.'" *Iqbal*, 129 S. Ct. 1954.

17

Daniels and Strong, nothing in the Complaint alleges any relationship between Walker and the other defendants. Although Levi asserts that Walker claimed "entertainment connections," (Compl. ¶ 12), Levi's later statement on information and belief that Walker transferred the book to Daniels and Strong "between 2007 and 2013, (*id.* ¶ 13), constitutes rank speculation that does not evince facial plausibility. Moreover, Levi's Complaint is entirely devoid of even a suggestion that Walker knew or had reason to know of the purported infringement activity.[17] Even construing Levi's Complaint liberally, and viewing all allegations in his favor, the Court cannot find that Walker had knowledge of the suspected infringement. Levi fails to state a claim for contributory infringement.

### b. Levi Fails to State a Claim for Vicarious Liability

Levi fails to state a claim against Walker for the second basis of secondary liability in a copyright claim: vicarious liability. "Under a theory of vicarious liability, a defendant who 'has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities' is similarly liable." *CoStar Grp., Inc.*, 373 F.3d at 550 (quoting *Gershwin Publ'g Corp.*, 443 F.2d at 1162); *see also Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 513 (4th Cir. 2002) ("In order to establish vicarious liability, a copyright owner must demonstrate that the entity to be held so liable: (1) possessed the right and ability to supervise the infringing activity; and (2) possessed an obvious and direct financial interest in the exploited

---

> "But 'generally' is a relative term." *Id.* "In the context of Rule 9, it is to be compared to the particularity requirement applicable to fraud or mistake." *Id.* "Rule 9 merely excuses a party from pleading [states of mind] under an elevated pleading standard. It does not give him license to evade the less rigid-though still operative-strictures of Rule 8." *Id.*

2010 WL 4645791, at *3.

[17] The Complaint includes various blanket statements that purport to establish that the defendants shall be liable for the acts of the others. Such "labels and conclusions" do not satisfy the pleading standard. *Twombly*, 550 U.S. at 555.

18

copyrighted materials."). "The law recognizes that the imposition of liability upon a copyright infringer under a theory of vicarious liability serves an important public interest—it 'prevent[s] an entity that profits from infringement from hiding behind undercapitalized 'dummy' operations when the copyright owner eventually sues.'" *Nelson-Salabes, Inc.*, 284 F.3d at 513 (quoting *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992)).

Levi asserts no facts establishing a supervisory relationship between Walker and the other parties purportedly liable for direct infringement. Levi's speculative contentions about Walkers' "entertainment connections," (Compl. ¶ 12), cannot sustain a claim that he "'ha[d] the right and ability to supervise the infringing activity and also ha[d] a direct financial interest in such activities,'" *CoStar Grp., Inc.*, 373 F.3d at 550 (quoting *Gershwin Publ'g Corp.*, 443 F.2d at 1162). Indeed, the Court has found that these vague allegations cannot even underlie a claim that Walker *knew* about the purported infringement. Accordingly, Levi also fails to state a claim for vicarious liability. The Court will dismiss Levi's Count One against Walker without prejudice.[18]

### III. Analysis: Motion for Discovery

Following the parties' briefing on the motions to dismiss, Levi filed the Motion for Discovery and requested eighteen episodes of *Empire*, as well as "any and all evidence written, recorded, photographic, tangible intangible which pertains to the *Empire* television series." (Mot. Discovery 1.) Without conceding the appropriateness of Levi's request, Twentieth Century Fox, Daniels, and Strong agreed to comply. The Court will deny the Motion for Discovery as moot.

---

[18] Because Walker failed to comply with Local Civil Rule 7(K), and in consideration of Levi's *pro se* status, the Court will afford Levi the opportunity to amend his Complaint against Walker. The Court will articulate specific instructions in the Order accompanying this Memorandum Opinion.

## IV. Conclusion

For the foregoing reasons, the Court will: (1) grant the Daniels and Strong Motion to Dismiss for Lack of Personal Jurisdiction; (2) deny as moot the Daniels and Strong Motion to Dismiss for Failure to State a Claim; (3) grant the Walker Motion to Dismiss; and, (4) deny as moot the Motion for Discovery. The Court will grant Levi leave to file an amended complaint against Walker.

An appropriate Order shall issue.

/s/ MHL
_____
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 3/30/17