IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY J. LEVI,

    Plaintiff,

v.                                               Civil Action No. 3:16cv129

TWENTIETH CENTURY FOX
FILM CORPORATION, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on two Motions to Dismiss: (1) Defendant Twentieth Century Fox Film Corporation's ("Twentieth Century Fox") Motion to Dismiss the Amended Complaint with Prejudice, filed pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] (the "Twentieth Century Fox Motion to Dismiss"), (ECF No. 32)[2]; and, (2) Defendant Robert Walker, Jr.'s Motion to Dismiss the Amended Complaint with Prejudice (the "Walker Motion to Dismiss"), also filed pursuant to Rule 12(b)(6), (ECF No. 35).[3]

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, the matters are ripe for disposition. The Court exercises jurisdiction pursuant to

---

[1] Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] Twentieth Century Fox provided Levi with appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). (ECF No. 32.)

[3] Walker provided Levi with appropriate notice pursuant to *Roseboro*, 528 F.2d at 310. (ECF No. 35.)

28 U.S.C. § 1331.[4] For the reasons that follow, the Court will grant the Twentieth Century Fox Motion to Dismiss and deny the Walker Motion to Dismiss.

## I. Procedural and Factual Background

### A. Factual Background[5]

Levi's Amended Complaint arises out of the alleged copyright infringement by the Twentieth Century Fox television series *Empire* of his unpublished book, *Unity Incorporated: The Mastermind* ("*Unity Incorporated*") and Walker's alleged copying of *Unity Incorporated*. Levi alleges that *Empire* and *Unity Incorporated* share "striking similarities" and that the show "borrows heavily" from *Unity Incorporated*. (Am. Compl. ¶¶ 1, 10, ECF No. 29.) Levi registered *Unity Incorporated* with the United States Copyright Office in 2008.[6] *Empire* debuted in 2015.

In or about 2007, Levi, a resident of the Commonwealth of Virginia, telephoned Walker from the Baskerville Correctional Center in Baskerville, Virginia, and asked if Walker would

---

[4] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Amended Complaint asserts two counts of copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act").

[5] For purposes of the motions to dismiss, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Levi. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

[6] Levi attaches as an exhibit to his Amended Complaint a copy of the Certificate of Registration for *Unity Incorporated*'s copyright. Pursuant to Federal Rule of Civil Procedure 10(c), the Court will consider this document as adopted by reference because the Amended Complaint explicitly references it and it is attached as an exhibit. *See* Fed. R. Civ. P. 10(c) ("**Adoption by Reference; Exhibits.** A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (noting that, on a motion to dismiss, courts consider documents attached to the complaint as exhibits pursuant to Rule 10(c)).

help him publish *Unity Incorporated*. Walker agreed. Levi then instructed his mother, Mary Wilson, to deliver the *Unity Incorporated* manuscript to Walker's office. Four months after Walker received the manuscript, Levi asked his mother to go back to Walker's office and demand that Walker return the manuscript to her. Following her son's instructions, Wilson and her daughter, Cassandra Penn, visited Walker. Walker returned the *Unity Incorporated* manuscript to Wilson, but before doing so, he made a copy of *Unity Incorporated* and kept the copy in his possession.

Levi asserts that he has lost and will continue to lose substantial revenues and "has sustained damages" as a result of Twentieth Century Fox and Walker's alleged infringement of his copyright. (*Id.* ¶ 17.) Levi seeks an injunction enjoining further violations of his copyrights and $1,500,000 in damages resulting from the "gain, profits, and advantages obtained by [defendants'] acts of infringement." (*Id.* ¶¶ 20–21.)

### B. Procedural Background

On March 3, 2016, Levi filed a Complaint naming Walker, Twentieth Century Fox, Lee Daniels, and Danny Strong as defendants, and alleging a single count of copyright infringement under the Copyright Act. (ECF No. 1.) Daniels, Strong, and Walker all moved to dismiss. (ECF Nos. 5, 16, 18.) On March 31, 2017, the Court granted Daniels's and Strong's Motions to Dismiss, finding it lacked personal jurisdiction over them. (ECF Nos. 27, 28.) The Court also granted Walker's Motion to Dismiss, finding that Levi failed to state a claim against Walker, but granted Levi leave to amend his Complaint. On April 11, 2017, Levi filed an Amended Complaint. (ECF No. 29.)

Levi's Amended Complaint asserts two counts of copyright infringement:

**Count One:** Levi brings this count against Walker for violation of 17 U.S.C. § 106(1).[7]

**Count Two:** Levi brings this count against Twentieth Century Fox for violation of 17 U.S.C. § 106(5).[8]

Both Walker and Twentieth Century Fox have moved to dismiss Levi's Amended Complaint. Walker argues that Levi's allegations "fall short of demonstrating that the Plaintiff owned a valid copyright to his manuscript at the time that Mr. Walker allegedly made a copy of the manuscript." (Mem. Supp. Walker Mot. Dismiss 3, ECF No. 36.) Twentieth Century Fox contends that: (1) Levi does not allege that Twentieth Century Fox had access to *Unity Incorporated*; and, (2) *Empire* does not share substantial similarities with *Unity Incorporated*. Levi filed a single response to both Motions to Dismiss. Only Twentieth Century Fox replied.

## II. Analysis: Motions to Dismiss

### A. Motion to Dismiss for Failure to State a Claim Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952

---

[7] Section 106 provides, in relevant part: "[T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords . . . ." 17 U.S.C. § 106.

[8] Section 106 further provides, in relevant part:

[T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following: . . . (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly . . . .

17 U.S.C. § 106.

4

(4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Matkari*, 7 F.3d at 1134; *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those stating a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However,

5

"a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citing *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)).

### B. Obligation to Construe *Pro Se* Pleadings Liberally

Federal district courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). That said, a *pro se* plaintiff must nevertheless allege sufficient facts to state a cause of action. *Id.* (citing *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996)). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims" that the litigant failed to raise on the face of the complaint. *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

### C. The Court Will Grant the Twentieth Century Fox Motion to Dismiss

Levi claims that Twentieth Century Fox infringed his copyright by "violating his exclusive rights," 17 U.S.C. § 501(a), "to display [*Unity Incorporated*] publicly." 17 U.S.C. § 106(5). The Court will grant the Twentieth Century Fox Motion to Dismiss because Levi's Amended Complaint fails to allege facts sufficient to state all the elements of his claim of copyright infringement. Levi does not plead facts that plausibly show that Twentieth Century Fox had actual access to *Unity Incorporated* or that *Empire* is substantially similar to it.

1. <u>**Copyright Infringement: Legal Standard**</u>

"Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). To prove copyright infringement, a plaintiff must show that: (1) he or she owned the copyright to the work that was allegedly copied; and, (2) the defendant copied protected elements of that work. *Towler v. Sayles*, 76 F.3d 579, 581 (4th Cir. 1996) (citing *Feist Pub'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

To prove copying, a plaintiff may, of course, present direct evidence that the defendant copied the copyrighted work. However, if the plaintiff possesses no direct evidence of copying, he or she can create a presumption of copying through indirect evidence by establishing that: (1) "the defendant had access to the copyrighted work;" and, (2) "the defendant's work is 'substantially similar' to the protected material." *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001) (citation omitted).

To prove access, a plaintiff must show that the defendant "had an opportunity to view or to copy" the copyrighted work. *Towler*, 76 F.3d at 582 (citing 3 *Nimmer on Copyright* § 13.02[A], at 13–16 to 13–18 (1995)). "A mere possibility that such an opportunity could have arisen will not suffice." *Id.* (citation omitted). Instead, "it must be reasonably possible that the paths of the infringer and the infringed work crossed." *Id.*

Proving substantial similarity[9] involves a two-part analysis: the plaintiff must show that the works in question are both "extrinsically" and "intrinsically" similar. *Id.* at 583–84. To satisfy the objective "extrinsic" similarity prong, the plaintiff must show that the works share

---

[9] "[A] district court may properly dismiss a copyright claim in the absence of substantial similarity" on a motion to dismiss. *Devil's Advocate, LLC v. Zurich Am. Ins. Co.*, 666 F. App'x 256, 263 (4th Cir. 2016).

7

"substantially similar" ideas. *Id.* at 583. Lists of "'random similarities scattered throughout the works' [are] 'inherently subjective and unreliable.'" *Id.* at 584 (quoting *Litchfield v. Spielberg,* 736 F.2d 1352, 1356 (9th Cir. 1984)). Instead, a court looks at the works in their entirety, searching broadly for similarities in elements of the work, including plot, theme, dialogue, mood, setting, pace, and sequence. *Id.* Importantly, in analyzing extrinsic similarity, a court considers only those similarities that are "*original* elements" of the copyright, *Lyons*, 243 F.3d at 801 (emphasis added), and not the "noncopyrightable features" of the works, *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 436 (4th Cir. 2010), *as amended* (Aug. 24, 2010).

To satisfy the subjective "intrinsic" portion of the test, the plaintiff must show that the works are substantially similar in "the *expression* of [the] ideas" identified in the first, objective prong. *Dawson v. Hinshaw Music, Inc.*, 905 F.2d 731, 732–33 (4th Cir. 1990) (emphasis added). Under this prong, courts consider whether the intended audience of the work[10] "could determine that the works are substantially similar, usually without the aid of expert testimony." *Towler*, 76 F.3d at 584. In assessing intrinsic similarity, the court focuses on "'the total concept and feel of the works,' but *only* as seen through the eyes of the ordinary observer." *Lyons P'ship, L.P.*, 243 F.3d at 801 (internal quotation marks omitted) (quoting *Dawson*, 905 F.2d at 733).

---

[10] In this case, the audience is the general movie-going or book-reading public. *See Dawson*, 905 F.2d at 736–37 (noting that "the lay public fairly represents the intended audience" in most cases and that "a court should be hesitant to find that the lay public does not fairly represent a work's intended audience").

## 2. Levi Plausibly Pleads Ownership of Copyright

Levi alleges that he owns the copyright to *Unity Incorporated* and attaches the registration certificate to his Amended Complaint. These facts plausibly establish Levi's ownership of a copyright for *Unity Incorporated*.[11]

## 3. Levi Fails to Plausibly Plead Actual Access

Levi pleads no facts supporting a plausible inference that Twentieth Century Fox had an opportunity to view or copy *Unity Incorporated*, nor does he argue this position in his briefing. Indeed, he admits in his Response to the Motions to Dismiss that he "cannot prove defendants had access to his work." (Resp. Mots. Dismiss 5, ECF No. 37.) Instead, Levi contends that because *Empire* and *Unity Incorporated* share "striking similarities," the Court can infer access without direct proof. (Am. Compl. ¶ 1; *see also* Resp. Mots. Dismiss 5.)

Levi's argument proceeds under the "strikingly similar" doctrine, embraced by some circuits, which allows a plaintiff to raise an inference of access by showing that the two works are "so strikingly similar as to preclude the possibility of independent creation." *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 113 (5th Cir. 1978); *see also, e.g.*, *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 988 (9th Cir. 2017) (inferring copying without actual evidence of access where the works were "virtually identical"); *Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (2d Cir. 1988) (noting that "striking similarity alone can raise an inference of copying" if the inference is "reasonable in light of all the evidence"). It is unclear, however, whether the Fourth Circuit has adopted the "strikingly similar" doctrine. *See Bouchat v. Balt. Ravens, Inc.*, 241 F.3d 350, 355–56 (4th Cir. 2001) (endorsing, in dicta, the "strikingly similar" doctrine). *But see id.*

---

[11] Twentieth Century Fox does not contest that Levi owns a copyright to *Unity Incorporated*.

at 364 n.9 (King, J., dissenting) ("The majority's adoption of the 'strikingly similar' doctrine is unnecessary dicta, and should accordingly lack precedential value.").

Regardless, because the Court finds that *Empire* and the *Unity Incorporated* are not substantially similar, much less strikingly similar, the Court need not resolve whether this circuit has adopted the "strikingly similar" doctrine. Even if the "strikingly similar" doctrine applied, the Court would nonetheless find that Levi fails to state a claim for copyright infringement against Twentieth Century Fox.

### 4. Levi Cannot Show Copying Because He Fails to Plausibly Plead that *Empire* and *Unity Incorporated* Share Substantial Similarities

As to Twentieth Century Fox, Levi presents no evidence of actual copying, contending instead that *Empire* and *Unity Incorporated* are substantial similar. In contrast, Twentieth Century Fox posits that the two works "bear virtually no resemblance to one another" and "are not substantially similar in even one of the extrinsic elements that make up the objective test." (Mem. Supp. Twentieth Century Fox Mot. Dismiss 21, ECF No. 33.) The Court finds that Levi does not plead facts plausibly demonstrating that *Empire* is "substantially similar" to *Unity Incorporated*.

The Court turns first to the "extrinsic" inquiry of the "substantially similar" analysis. In the Amended Complaint, Levi catalogues a number of alleged similarities relating to the theme, plot, setting, and characters of the two works.[12] The Court will review the similarities Levi cites in turn.

---

[12] Twentieth Century Fox contests the factual accuracy of many of the similarities Levi alleges, contending that "the majority of the purported 'similarities' that Plaintiff identifies in the [Amended Complaint] do not exist at all in Plaintiff's Manuscript." (Mem. Supp. Twentieth Century Fox Mot. Dismiss 23.) In ruling on a motion to dismiss for failure to state a claim, the Court "does not resolve contests surrounding the facts, the merits of a claim, or the applicability

### a. Theme

Levi contends that the themes of *Empire* and *Unity Incorporated* are substantially similar. Specifically, he argues that "[e]ach work has as a core theme of drama centered on the story of an African American man with a history of violence, and raising himself without a mother and father from the ghetto and a life of crime into the world of the music industry." (Am. Compl. 4.) Levi's characterization of the shared themes—poverty, violence, and the overcoming of adversity—constitute merely "common themes" not protectable under copyright law. *See Eaton v. Nat'l Broad. Co.*, 972 F. Supp. 1019, 1029 (E.D. Va. 1997), *aff'd sub nom.*, *Eaton v. Nat'l Broad. Co, Inc.*, 145 F.3d 1324 (4th Cir. 1998). Accordingly, Levi's contention that the two works share themes falls woefully short of showing that the works are substantially similar.

### b. Plot

Levi argues that the plots of *Empire* and *Unity Incorporated* are substantially similar. Levi avers that both works "depict[] a friendship formed by three African American men" who met as teenagers, and the main character in each work "sold drugs and used the money to invest in a record company." (Am. Compl. 4.) Levi further asserts that both *Empire* and *Unity Incorporated* share the following plot elements: (1) A friendship among three men who met in their teen years, one of whom now owns a record company; (2) the main character, the record company owner, had murdered four people in his earlier years, establishing him as a "gangster masquerading as a legitimate businessman;" (3) the main character lures one of the three lifelong friends to an isolated area and murders him after the relationship between the two becomes

---

of defenses." *Martin*, 980 F.2d at 952. Rather, the Court takes as true Levi's well-pleaded allegations and views those allegations in the light most favorable to Levi. *See id.* This factual dispute is of no moment. The Court finds—even assuming all of Levi's alleged similarities do indeed exist—that he still fails to state a claim.

strained; and, (4) the third friend, after discovering this betrayal, decides to testify against the main character in a federal trial. (*Id.* at 5 (internal quotation marks omitted).)

These alleged commonalities alone are insufficient to demonstrate substantial similarity. In analyzing plot similarities, courts must look beyond stock themes and ideas. *Moore v. Lightstorm Entm't*, 992 F. Supp. 2d 543, 556 (D. Md.), *aff'd sub nom. Moore v. Lightstorm Entm't, Inc.*, 586 F. App'x 143 (4th Cir. 2014). "'[N]o one can own the basic idea for a story. General plot ideas are not protected by copyright law.'" *Id.* (quoting *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985)). Here, the majority of the plot similarities Levi points to—friendship, murder, revenge—constitute stock themes not protected by copyright law.

Moreover, courts consistently find that works with far more parallel plot elements fail the substantial similarity requirement. *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1044–45 (9th Cir. 1994) (finding no substantial similarity between two works about shrunken children and the dangers and struggles they faced as a result of their diminished size); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 456–58 (11th Cir. 1994) (finding no substantial similarity between two works about wealthy foreign princes traveling to America to find a wife, initially choosing a woman who does not work out, but ultimately finding true love and returning to their home country); *Reyher v. Children's Television Workshop*, 533 F.2d 87, 92 (2d Cir. 1976) (finding no substantial similarity between two works about a child separated from his mother who has difficulty reuniting with her because his description of her as the "most beautiful woman in the world" does not match the appearance of his "homely" mother). Accordingly, Levi fails to allege facts sufficiently demonstrating substantial similarity between the two plots.

#### c. Setting

Levi contends that the settings of *Empire* and *Unity Incorporated* are substantially similar, arguing that both works "take[] place in an urban city on the east coast, 250 miles apart." (Am. Compl. 5.) The fact that the two works both take place in a broadly characterized East Coast urban environment cannot constitute a substantial similarity. *See, e.g., Winstead v. Jackson*, 509 F. App'x 139, 141 (3d Cir. 2013) (finding no substantial similarity between two works both set in inner-city New Jersey).

#### d. Characters

Levi avers that the lead characters of *Empire* and *Unity Incorporated* are "especially distinctive" and substantially similar. (Am. Compl. 5.) Levi argues that "[b]oth works feature as the lead character a charismatic light-skinned, African-American man, who grew up without a mother and father in [his life], and who has risen from the ghetto and a life of drug dealing to ownership of a record company." (*Id.*) Moreover, Levi contends that the lead characters in both works share twenty-nine character traits: "methodical, stylish dressers, manipulative, deceitful, charming, smart, intelligent, clever, violent, controlling, funny, sinister, sadistic, debonair, revengeful, flippant, cruel, promiscuous, creative, flamboyant, explosive temper, apathetic, egocentric, arrogant, clean, neat, confident, driven by money and power[,] and use[] people to further their agenda." (*Id.*) Levi cites two additional facts to show similarity between the lead characters: (1) "[i]n both works the lead character tested three men to ascertain if there were any weakness in them;" and, (2) "the lead character of Empire, an atheist, named his club from the

bible 'Leviticus[.'] Leviticus is the third priestly tribe of Levi, and the author's name is Levi."[13] (*Id.* at 5–6.)

"It is well-established that '[c]opyright law provides very limited protection to characters presented in a creative work. Basic character types are not copyrightable.'" *Eaton*, 972 F. Supp. at 1027–28 (quoting *Jones v. CBS, Inc.*, 733 F. Supp. 748, 753 (S.D.N.Y 1990)). "'[O]nly a uniquely developed character with some degree of novelty is copyrightable.'" *Id.* at 1028 (quoting *Jones*, 733 F. Supp. at 753). "'[B]asic human traits that certain characters share, including age, sex, and occupation, 'are too general or too common to deserve copyright protection.'" *Id.* at 1029 (quoting *Sinicola v. Warner Bros., Inc.*, 948 F. Supp. 1176, 1187 (E.D.N.Y. 1996)).

Many of the character traits Levi claims the two main characters share—such as their race, sex, and occupation—are "basic character traits" unprotected by copyright. *See id.* Regarding the list of twenty-nine character traits Levi contends the main characters in the two

---

[13] In his Response, Levi advances a related argument. He contends that he "secretly embedded a biblical story" in *Unity Incorporated* "so if anyone copied his work, he could sufficiently demonstrate that the infringed material derived" from the book. (Resp. Mots. Dismiss 7–8.) Levi explains that he sprinkled the numbers three and twenty-seven, in various forms, throughout *Unity Incorporated* to represent "the infamous 'golden calf' incident, at the foot of Mt. Sinai." (*Id.* at 8; *see also Exodus* 32:1–29 (relaying the story of "The Golden Calf").) Levi argues that *Empire* similarly uses the number three. (Resp. Mots. Dismiss 8.) Specifically, he avers that the show includes a group of three friends and the main character has three sons. (*Id.*) Additionally, Levi points to the fact that main character names his club "Leviticus," as evidence of copying because "Leviticus was used in the secret biblical story" embedded in *Unity Incorporated*. (*Id.*)

Even presuming this Court could address arguments newly raised in response, *see Martin*, 980 F.2d at 952, Levi's attempt to preemptively expose possibly copyright infringement through the embedding of a "secret" biblical story in *Unity Incorporated* is fatally flawed. Biblical references permeate world literature. Assuming, *arguendo*, that the inclusion of the group of three friends and the three sons as well as the club's name in *Empire* was intended as a biblical allusion, it is at least just as likely—if not *more* likely—that the creators of *Empire* based this reference on the biblical story itself and not *Unity Incorporated*.

works share, at least half of them can reasonably be considered synonyms for the others. Moreover, providing a litany of adjectives, without more, insufficiently demonstrates that the main characters exhibit substantial similarity because such a list falls well short of showing that the traits are "uniquely developed" in the works and "novel" in their portrayal. *See Eaton*, 972 F. Supp. at 1028.

Finally, Levi's focus on a single main character from each work also undermines his argument. While main characters can be a defining component of a story, here, where many other characters exist in both works, Levi's focus on the commonalities between only the lead characters cannot persuasively establish substantial similarity.

### e. **Mood**

To show the works share the same mood, Levi reiterates his assertion that the shared urban East Coast setting, featuring a friendship between two African-American men that ends with one murdering the other, demonstrates substantial similarity between the two works. As previously explained, these allegations cannot undergird a finding, even plausibly, that Levi has shown substantial similarity.

### f. **List of Allegedly Common Scenes and Situations**

Under a separate heading in the Amended Complaint, Levi catalogs eighteen pairs of scenes and situations—one from each work—that he contends demonstrate substantial similarity. These scenes, not listed by Levi in sequential order, include[14]: (1) both works make passing reference to Machiavelli; (2) both works contain a scene in which a law enforcement officer attempts—successfully in *Unity Incorporated* and unsuccessfully in *Empire*—to contact a

---

[14] Lists of random similarities are "unreliable" and insufficient to establish substantial similarities. *Towler*, 76 F.3d at 584 (quoting *Litchfield*, 736 F.2d at 1356). The Court recounts only a selection of the most persuasive of the eighteen similarities Levi references.

15

witness to a crime; (3) the main character in both works feigns sadness over the death of a close friend whom the character secretly murdered; (4) two pairs of characters in both works become engaged and then break up; (5) both works feature a party on a boat attended by people in the music industry; (6) both works feature a character who hires a private investigator to follow a romantic partner—a wife in *Empire* and a girlfriend in *Unity Incorporated*; (7) GPS trackers are placed on cars in both works; (8) a character is kidnapped and "refuses to beg for his life" in both works; and, (9) both works feature "over-zealous" prosecutors with whom their target "toys." (Am. Compl. 6–10.)

Despite Levi's suggestion otherwise, aspects of most of these alleged similarities constitute "*scenes à faire*," defined as "'incidents, characters, or settings which, as a practical matter, are indispensable or standard in the treatment of a given topic.'" *Eaton*, 972 F. Supp. at 1029 (quoting *Walker v. Time Life Films, Inc.*, 615 F. Supp. 430, 436 (S.D.N.Y. 1985), *aff'd*, 784 F.2d 44 (2d Cir. 1986)). Copyright law does not protect *scenes à faire* and thus the Court does not consider them in its "substantial similarity" analysis. *Id.* Moreover, listings of "'random similarities scattered throughout the works' [are] 'inherently subjective and unreliable.'" *Towler*, 76 F.3d at 584 (quoting *Litchfield*, 736 F.2d at 1356). Accordingly, Levi's list of random, scattered similarities does not, even plausibly, establish substantial similarity.

### g. Levi Fails to Plausibly Allege that the Works are Extrinsically Similar, and Therefore Does Not State a Claim

For the reasons articulated above, the Court finds that Levi's allegations of purported similarities between *Empire* and *Unity Incorporated* fail to satisfy the extrinsic prong of the "substantial similarities" analysis. Because Levi must show both that the works are extrinsically and intrinsically similar to show "substantial similarity," the Court need not reach the question of whether Levi has pled facts sufficient to show that the two works are intrinsically similar. *See*

*Devil's Advocate, LLC*, 666 F. App'x at 263 (4th Cir. 2016) ("'[A] district court may grant a motion to dismiss . . . under the extrinsic prong alone.'" (quoting *Copeland v. Bieber*, 789 F.3d 484, 490 (4th Cir. 2015))).

Because Levi has not sufficiently plead "substantial similarity" between the works, he fails to show that Twentieth Century Fox copied *Unity Incorporated*, a requisite element of his copyright claim. Accordingly, Levi fails to state a claim that Twentieth Century Fox infringed his copyright. The Court will grant the Twentieth Century Fox Motion to Dismiss and dismiss Count II of the Amended Complaint. Because the Court previously allowed Levi an opportunity to amend his complaint, a subsequent amendment would be futile as to Count II. Accordingly, the Court will dismiss Count II of Levi's Amended Complaint with prejudice.

### D.    The Court Will Deny the Walker Motion to Dismiss

Levi claims that Walker infringed his copyright by "violating his exclusive rights," 17 U.S.C. § 501(a), "to reproduce [*Unity Incorporated*] in copies or phonorecords," 17 U.S.C. § 106(1). The Court will deny the Walker Motion to Dismiss because Levi's Amended Complaint alleges facts sufficient to state both elements of his claim against Walker. Levi pleads facts sufficient to plausibly show that: (1) Levi owned a copyright to *Unity Incorporated*; and, (2) Walker copied it. *See Towler*, 76 F.3d at 581.

First, as already discussed, Levi plausibly established ownership of a copyright for *Unity Incorporated*. Walker does not contest this allegation in detail. Second, Levi pleads that Walker had physical access to *Unity Incorporated* for at least four months and that "Walker made a copy of [*Unity Incorporated*] and [the copy] remained in [Walker's] possession." (Am. Compl. 8.) While Walker correctly notes that Levi presents few facts in support of this claim, the Court must view the facts favorably to Levi at this stage of the proceedings. Levi's factual allegations can allow the Court to draw the reasonable inference that Walker "reproduce[d] [*Unity*

17

*Incorporated*] in copies."[15] 17 U.S.C. § 106(1). Accordingly, at this early stage of litigation, Levi has stated a plausible claim that Walker infringed Levi's copyright.

### III. Conclusion

For the foregoing reasons, the Court will grant the Twentieth Century Fox Motion to Dismiss and deny the Walker Motion to Dismiss. An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 3/29/18

---

[15] "A plaintiff is generally permitted to plead facts based on 'information and belief' if such plaintiff is in a position of uncertainty because the necessary evidence is controlled by the defendant." *Ridenour v. Multi–Color Corp.*, 147 F. Supp. 3d 452, 456 (E.D. Va. 2015) (citing *Raub v. Bowen*, 960 F. Supp. 2d 602, 615 (E.D. Va. 2013) (noting that although "information and belief" pleadings are "tenuous at best," such practice is permitted under Rule 8(a) in some circumstances)).