IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TIMOTHY J. LEVI,<br>    *pro se* Plaintiff,<br><br>    v.<br><br>TWENTIETH CENTURY FOX FILM,<br>CORP., *et al.*,<br>    Defendants. | Civil Action No. 3:16cv129 |

## MEMORANDUM OPINION

This matter is before the Court on the Report and Recommendation of the Magistrate Judge entered on October 23, 2018 (ECF No. 53) recommending that Plaintiff's case be dismissed for Plaintiff's failure to prosecute. Plaintiff has filed Objections. (ECF No. 54.) For the reasons that follow, Plaintiff's Objections will be OVERRULED, the Report and Recommendation of the Magistrate Judge (ECF No. 53) will be ACCEPTED and ADOPTED, and this action will be DISMISSED WITH PREJUDICE.

### I.     BACKGROUND

The Magistrate Judge made the following findings and recommendations:

> On July 9, 2018, the Court ordered the parties in this matter to schedule a settlement conference with the undersigned, not later than 30 days before the bench trial scheduled for November 27, 2018. (ECF No. 49.) Plaintiff Timothy J. Levi ("Plaintiff"), proceeding *pro se*, and Defendant Robert Walker ("Defendant") communicated their availability to the Court and selected October 23, 2018, as their settlement conference date. On September 6, 2018, Plaintiff completed a form, consenting to the appointment of counsel for settlement conference purposes only. (ECF No. 51-1.) Pursuant to the Court's *Pro Se Pro Bono* Court Settlement Conference Program, the Court appointed Jonathan Petty of Phelan Petty PLC as counsel for Plaintiff for the limited purpose of providing advice during the October 23 settlement conference. (ECF No. 51.)
> On September 7, 2018, the undersigned issued an Order Regarding Procedures for Settlement, which stated that "the parties shall report to the chambers of [the undersigned]" on October 23, 2018, at 10:00 a.m. (ECF No. 50.) On October 23, 2018, Mr. Petty and Defendant reported to the undersigned's chambers at 10:00 a.m. in compliance with the Court's Order Regarding Procedures for Settlement. Plaintiff, without explanation, did not

report to the Court. Accordingly, the undersigned recommends that the Court DISMISS this case for Plaintiff's failure to prosecute.

(R&R 1-2.)

## II. STANDARD OF REVIEW

"The magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

## III. OBJECTIONS

Plaintiff makes two principal objections to the Report and Recommendation. His first objection is that he was unable to attend the settlement conference scheduled for October 23, 2018 due to a conflicting court date in the U.S. District Court for the Central District of California, Los Angeles Division. (Objs. ¶¶ 2, 6, 11.) On July 9, 2018, the Magistrate Judge ordered the parties to appear for a settlement conference for this action on October 23, 2018. (ECF No. 53 at 1.) After the entry of the July 9, 2018 Order, Plaintiff filed a copyright infringement action (the "Los Angeles Action") on July 14, 2018 in the Central District of California, Los Angeles Division, based upon the same set of underlying facts as this action. (Objs. ¶ 2.) In August 2018, Senior United States District Judge Conseulo B. Marshall, the presiding judge over Plaintiff's Los Angeles Action, scheduled a motions hearing for September 18, 2018 (the "Los Angeles Hearing"). (*Id.* ¶¶ 4-5.) On September

2

10, 2018, Judge Marshall continued the Los Angeles Hearing to October 23, 2018, the same date as the previously scheduled settlement conference. (*Id.* ¶ 6.)

On September 20, 2018, Plaintiff communicated with his pro bono attorney and apprised him of his conflicting court date. (*Id.* ¶ 8.) Plaintiff's pro bono attorney cautioned him that he was required to personally attend the settlement conference. (*Id.* ¶ 8.) Plaintiff attempted to retain counsel to attend the Los Angeles Hearing but Plaintiff did not have the necessary funds to retain an attorney. (*Id.* ¶ 9.) After "ponder[ing] his options for several minutes," Plaintiff concluded that since this action "was headed to trial anyway, attend[ing] the Los Angeles hearing was the more logical[] choice."[1] (*Id.* ¶ 11.)

Plaintiff's second objection is that his failure to contact the Court in advance of the settlement conference is justified. (*Id.* ¶ 11.) Plaintiff asserts that he was unable to contact the Court due to both his lack of trust in his pro bono attorney, as well as the fact that his efforts to secure his safety for his trip to Los Angeles for the Los Angeles Hearing prevented him from using electronic devices to inform anyone of his travel plans. (*Id.*) Plaintiff alleges that in the months leading to the settlement conference, he had been the target of illegal wiretapping and had been followed by suspicious persons and vehicles throughout Los Angeles.[2] (*Id.*) "Fearing for his safety" for his trip to Los Angeles for the Los Angeles Hearing, Plaintiff turned off his electronic devices and avoided "letting everyone

---

[1] Plaintiff implies in his Objections that the continuation of his Los Angeles hearing date "was no mere coincidence." (Objs. ¶ 11.) Plaintiff contends that the continuation was part of a deceptive scheme to spy on and derail Plaintiff's civil actions perpetrated by Defendant Robert Walker, Twentieth Century Fox Film Corporation, Rupert Murdoch, and Senior United States District Judge Conseulo B. Marshall. (Objs. ¶¶ 1, 11.) The Court does not respond to such contentions as they clearly lack merit.

[2] Specifically, Plaintiff implies that Twentieth Century Fox Film Corporation eavesdropped on his phone conversation in July 2016. (*Id.* ¶ 1.) As proof of wiretapping, Plaintiff contends that he heard the "phone ring lightly" while he was on the line. (*Id.* ¶ 1.) Plaintiff also contends that an African-American male "wearing a black hoodie and black pants in 85 degree weather[] entered the plaintiff's gate at his Los Angeles residen[ce] and[,] seconds later, his power ceased to exist." (*Id.* ¶ 7.) The next day, Plaintiff observed two separate vehicles follow him while he was riding the bus, "tracking his movement[s]." (*Id.* ¶ 7.) Plaintiff returned to Richmond and reported the incident to the Federal Bureau of Investigations. (*Id.* ¶ 7.)

know when he was leaving." (*Id.*) Because of these safety measures, Plaintiff alleges he was unable to inform the Court of his decision not to attend the settlement conference. (*Id.*)

## IV. DISCUSSION

The Court conducts a *de novo* review of the Report and Recommendation. Rule 41(b) of the Federal Rules of Civil Procedure provides that an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). "A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976). The Fourth Circuit has admonished that "[a] dismissal *with* prejudice is a harsh sanction which should not be invoked lightly." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (emphasis added). Therefore, the Court should consider whether to "take sanctions of a less drastic nature, such as . . . dismissal *without* prejudice." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 921 (4th Cir. 1982) (emphasis added).

To determine whether a dismissal with prejudice for failure to prosecute constitutes an appropriate sanction, courts must consider four factors: "(1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing *Chandler Leasing Corp.*, 669 F.2d at 921). These four factors, however, "are not a rigid four-prong test. Rather, the propriety of a dismissal [with prejudice] depends on the particular circumstances of the case." *Id.*

The first factor weighs heavily in favor of dismissal with prejudice. "When a party is proceeding *pro se*, the responsibility for the action rests, by the very nature of being *pro se*, exclusively with the *pro se* party." *Bush v. Adams*, 2010 WL 1253990, at *3 (E.D. Va. Mar. 24, 2010). This responsibility is balanced against the well-established principle that *pro se* litigants are

4

generally "entitled to a certain liberality with respect to procedural requirements." *Mount v. Book-of-the-Month Club, Inc.*, 555 F.2d 1108, 1112 (2d Cir. 1977). At the same time, the Supreme Court has clarified that it "ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). The Fourth Circuit has intimated that despite the deference to *pro se* litigants, "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard*, 882 F.2d at 96.

In this case, Plaintiff has proceeded *pro se*, such that his failure to attend the settlement conference or to alert the Court beforehand is his sole responsibility. Here, Plaintiff bears an even greater degree of personal responsibility as he made a deliberate choice not to attend the settlement conference, despite being counseled to the contrary by his pro bono attorney. (Objs. ¶ 8.) Because Plaintiff enjoyed the appointment of a pro bono attorney to counsel him throughout the settlement conference, Plaintiff had even more resources than a typical *pro se* plaintiff to fully understand the Court's expectations and the ramifications of his decision.

Plaintiff acknowledges that he learned that his presence was required for the Los Angeles Hearing forty-three days before the scheduled settlement conference. (Objs. ¶ 6.) Therefore, his failure to attend the settlement conference was not a mere oversight; he had plenty of time to make alternative arrangements or to notify the Court of his dilemma. Plaintiff admits that he made the choice not to attend the settlement conference because "the case was heading to trial anyway." (*Id.* ¶ 11.) Here, Plaintiff weighed his options, engaged in a cost-benefit analysis, and made the deliberate and informed decision not to attend the settlement conference. The responsibility for failing to attend the settlement conference lies solely with Plaintiff.

Plaintiff's failure to contact the Court before the settlement conference is without excuse. *See Bauer v. C.I.R.*, 97 F.3d 45, 49 (4th Cir. 1996) ("Although trial courts are encouraged to liberally treat procedural errors made by *pro se* litigants . . . such tolerance does not extend to a litigant's failure to appear in court without explanation or without contacting the court beforehand."). Plaintiff's assertions that he was unable to contact the Court lack merit as he had forty-three days to inform the Magistrate Judge of his conflicting court date. Plaintiff's choice not to use his own electronic devices to communicate with the Court due to his fear of eavesdropping is not sufficient justification for his failure to communicate with the Court. He had ample opportunity to telephone the Court or appear in person, as he was residing in Richmond, Virginia during at least some of the relevant time period. (Objs. ¶¶ 7, 11.) Due to Plaintiff's staggering degree of personal responsibility, the first factor strongly favors dismissal with prejudice.

The second factor also favors dismissal with prejudice as Plaintiff's failure to prosecute his case has caused Defendant Robert Walker to live under the threat of litigation for more than two years. Moreover, Defendant Robert Walker dutifully complied with the Magistrate Judge's Order (ECF No. 50) by submitting a mediation statement in preparation for the settlement conference and by physically appearing for the settlement conference, with counsel. Had Plaintiff provided notice to the Court of his conflicting obligations on the same date, Defendant would have been saved the expense involved in preparing for the settlement conference. Therefore, the second factor favors dismissal with prejudice.

The third and fourth factors also weigh in favor of dismissal with prejudice. This action has a drawn-out history of proceeding in a dilatory fashion given the fact that this action has remained on the Court's docket for more than two years, when cases in this District are normally concluded within such time. Finally, because Plaintiff received notice of the requirement that he appear for the settlement conference from the Court itself, as well as from his pro bono attorney, the Court has little

alternative to dismissal. Plaintiff's deliberate and informed choice to refuse to appear, despite a court Order to the contrary, requires dismissal with prejudice "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Because all four factors weigh in favor of dismissal with prejudice, the Court finds that dismissal with prejudice of this action for failure to prosecute is warranted.

## V. CONCLUSION

In conclusion, for the reasons discussed above, Plaintiff's Objections will be OVERRULED, the Report and Recommendation of the Magistrate Judge (ECF No. 53) will be ACCEPTED and ADOPTED, and this action will be DISMISSED WITH PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

/s/ 
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: November 8, 2018